## J. MARKS *v.* M. DICKSON.

The Act of Congress of the 19th of June, 1834, reviving the Act of the 29th of May, 1830, must be considered as embracing provisions engrafted on the latter Act by the Statute of the 23d of January, 1832, under which it was not illegal to assign or transfer a certificate of purchase from the Register of the Land Office, previous to the issuing of the patent.

APPEAL from the District Court of Caddo, *Land*, J.

Crain & Nutt and B. L. Hodge, for plaintiff and appellant. Landrum, for defendant.

VOORHIES, J. (SPOFFORD, J., having been of counsel, recused himself.) The plaintiff claims the ownership of the undivided half of the north-east fractional quarter section No. 20, in township No. 20 of range No. 14, by purchase from *John Butler*. He alleges that *John Butler* and *Elkin T. Jones* purchased this fractional quarter section from the government of the United States, and that *Michael Dickson* acquired the interest of the latter by purchase. He further alleges that he is unwilling to hold said land in common with said *Dickson;* and thereupon prays for a partition of the same by licitation.

The defendant's answer contains a general denial, and averment that the succession of the late *William Dickson*, represented by *Elizabeth H. Dickson*, as administratrix, owns one half of said fractional quarter section, and that the other half is owned by the defendant himself.

MARKS
*v.*
DICKSON.

The administratrix filed an intervention in which she asserted title to the whole tract, under a conveyance from *Charles A. Bullard*, as the agent and attorney in fact of *John Butler* and *Elkin T. Jones*, to *William Dickson*, executed on the 25th of November, 1840. She also denied the validity of the plaintiff's title to any portion of the land claimed in his petition and averred that the same was fraudulent.

*Butler* and *Jones*, it appears, acquired their title to the land in controversy under the Acts of Congress, granting the right of pre-emption to actual settlers. Having occupied and proved a joint settlement to another quarter section, under the second section of the Act of the 29th of May, 1830, they were entitled to what was usually termed a floating right to another quarter section, of which they availed themselves by the location and entry of the land in dispute, on the 22d of September, 1840, as evidenced by the certificate of purchase from the Register of the Land Office at Natchitoches, of that date.

On the 25th of November, 1840, they conveyed this land to *William Dickson* by notarial act executed before the parish Judge of the parish of Natchitoches. This act was also subsequently recorded in the parish of Caddo, on the 20th of September, 1842. On the 1st of April, 1843, a patent issued for this land to *Butler* and *Jones*, and on the 6th of August, 1851, the former conveyed to the plaintiff his undivided half to the same.

It is contended by the plaintiff that the sale from *Butler* to *Dickson* was a mere nullity, as it had been made previous to the issuance of the patent to the pre-emptors, in violation of the provisions of the Act of Congress of the 29th May, 1830, revived by that of the 19th June, 1834; and had also been made long previous to the conveyance of the 25th of November, 1840, to other persons through whom *Dickson* in fact held: first to *Murrel*, in 1837, and from the latter to *Martin Wood*, under whom the plaintiff holds, in 1839. Conceding the fact of the existence of these transfers, it is difficult to perceive in what manner they could effect the validity of the sale made by *Butler* and *Jones* to *William Dickson* subsequent to the entry, if the last conveyance did not fall within the prohibition of the Statute.

In the cases quoted in 16 L., 234, and 2 An., 934, the question does not appear to have been passed upon, whether an assignment or transfer of the certificate of purchase from the Register of the Land Office, previous to the issuing of the patent, was considered as falling within the prohibitory clause of the Statute, and consequently null and void. Under the construction put upon the Congressional Acts on this subject by the Attorney General of the United States, that the revival of the Act of 1830 is to be considered as embracing the provisions engrafted thereon by the supplementary Act of the 23d of January, 1832, and upon which the officers of the government appear to have uniformly acted, it would seem that the prohibition to sales under the former Act, was so far modified by the latter, as to permit the sale or assignment of the Register's certificate or Receiver's receipt. This construction, it appears to us, expresses the manifest intention or will of the law-maker. If such assignments or transfers of certificates of Registers and Receivers, as evidence of title, could be made previous to the issuing of the patents, and the patents issue in the name of the assignees, it follows, as a natural consequence, that the sale from *Butler* and *Jones* to *William Dickson* must be considered as valid.

It is therefore ordered and decreed, that the judgment of the District Court be affirmed with costs.